IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


T.W. and A.W.,

    Plaintiffs,

v.                                   CASE NO. 4:16cv29-RH/CAS

FRANKLIN COUNTY
SCHOOL BOARD,

    Defendant.

_____/


## ORDER OF DISMISSAL

In this case a public-school student with a disability asserts claims that are derivative of his rights under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1475. But the student bypassed the IDEA's administrative remedies. This order grants the defendant school board's motion to dismiss for failure to exhaust administrative remedies. The student's claims would fail on the merits in any event.

I

The IDEA requires a school board to provide a free appropriate public education that affords at least some educational benefit for a student with a

disability. *See Bd. of Educ. v. Rowley*, 458 U.S. 176, 200 (1982). The statute creates a comprehensive procedural system for meeting that goal. Part of the system is the development of an individualized education program ("IEP") for each student with a disability. The student's parents have a right to attend a meeting at which the IEP is developed. When a student, ordinarily acting through one or both parents, disagrees with an IEP or its implementation, the student may obtain administrative review. In Florida, this ordinarily means an evidentiary hearing before an administrative law judge in the state's Division of Administrative Hearings.

The plaintiff T.W. was a student at a school operated by the defendant Franklin County School Board. He had been diagnosed with Asperger's syndrome, a subtype of autism. The School Board developed an IEP for T.W. that said this: "Explosive episodes have resulted in property destruction and injury to others; often requires an insular environment." ECF No. 28-1 at 39. The IEP said that when confronted, T.W. often engaged in "angry, defiant outbursts, especially with authority figures." *Id.* T.W. sometimes went into "melt-downs." *Id.* The IEP said that when that occurred, T.W. was to be provided "cooling off time," ECF No. 28-1 at 41, in a "cool down room." ECF No. 42-1 at 8. The general procedure was that one did not touch or approach T.W. during a meltdown unless there was a threat of harm to T.W. or others.

On October 21, 2011, T.W. had a meltdown. He kicked a teacher. The teacher tried to contact T.W.'s mother but was unable to reach her. So the teacher called law enforcement. A deputy sheriff came to the school, learned from the teacher and a teacher's aide that T.W. had kicked the teacher, and arrested T.W.

No effort was made to expel T.W. from the school at any time. He later moved to another school at his own request or that of his mother.

## II

T.W.'s mother, A.W., filed this action asserting claims for T.W., who was a minor at that time, and for herself. The first amended complaint named a single defendant—the School Board—and asserted five claims: disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (count 1), disability discrimination in violation of the Florida Educational Equity Act, Florida Statutes § 1000.05 (count 2), negligence (count 3), false arrest (count 4), and intentional infliction of emotional distress (count 5). Count 5 was later abandoned.

T.W. reached majority while the case was pending and took over his own claims. A.W.'s claims were dismissed for failure to state a claim on which relief can be granted.

The School Board has moved to dismiss T.W.'s remaining claims for failure to exhaust administrative remedies. The School Board has filed a separate motion

for summary judgment on the merits. The motions have been fully briefed and are ripe for a decision.

### III

The IDEA provides comprehensive administrative remedies that must be exhausted prior to the filing of a lawsuit under the IDEA. *See M.T.V. v. Dekalb Cty. Sch. Dist.*, 446 F.3d 1153, 1157–59 (11th Cir. 2006). And those remedies cannot be bypassed by asserting a claim under a different statute. *See, e.g., Babicz v. Sch. Bd. of Broward Cty,* 135 F.3d 1420, 1422 (11th Cir. 1998) (affirming the dismissal of a claim under the Rehabilitation Act for failure to exhaust IDEA remedies). The exhaustion requirement also applies to claims under the Florida Educational Equity Act. *See Zuniga v. City of Hialeah*, 103 F.3d 988, 990 (Fla. 3d DCA 2012).

T.W.'s claim in substance is that he was not allowed to cool down and left alone as provided in his IEP. He goes further and asserts that the School Board wished to expel him, and thus to avoid the expense of his special education, even though the record shows without dispute that no effort was ever made to expel him. At either level—the specific response to his meltdown on October 21, 2011, or the longer term placement decision—administrative remedies were available to address the issues. The administrative process gives parents and educators a role in addressing issues like these before a federal court becomes involved. But T.W. and

his mother chose to bypass that process. This forecloses litigation under the IDEA, the Rehabilitation Act, or the Florida Educational Equity Act.

The negligence and false-arrest claims do not change the result. In substance these are apparently just different iterations of the assertion that the teacher violated the IEP. Viewed in this manner, these are claims for which exhaustion was required.

And the claims cannot properly be viewed as anything else. Florida law does not recognize a claim for educational negligence (or "malpractice"). *See, e.g., Fla. Dep't of Health & Rehab. Serv. v. B.J.M.*, 656 So.2d 906, 914 (Fla. 1995) ("Courts, including those in Florida, have rejected claims of educational malpractice as a tort action . . ."). Aside from the unexhausted claim that the teacher departed from the IEP, there is no basis for any negligence claim arising from the teacher's actions.

The same is true for the false-arrest claim. Probable cause is a complete defense to such a claim. *See, e.g., Rankin v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998). Here there was plainly probable cause to arrest T.W.: he kicked the teacher. Any claim that causing the arrest was tortious derives wholly from the IEP and thus should have been exhausted.

In sum, these claims all turn on the proposition that the IEP was not properly followed. T.W.'s lawsuit based on that proposition cannot go forward because he did not exhaust his IDEA administrative remedies. The claims must be dismissed.

IV

One other matter deserves mention. The dismissal for failure to exhaust renders moot the School Board's motion for summary judgment on the merits. Had this order reached a different result on the motion to dismiss, the order would have granted the summary-judgment motion. This is an alternative holding.

V

For these reasons,

IT IS ORDERED:

1. The motion to dismiss, ECF No. 28, is granted.

2. The clerk must enter judgment stating, "This action was resolved on motions. It is ordered that the claims of the plaintiffs T.W. and A.W. against the defendant Franklin County School Board are dismissed. T.W.'s claims are dismissed for failure to exhaust administrative remedies. A.W.'s claims are dismissed on the merits."

3. The summary-judgment motion, ECF No. 29, is denied as moot.

4. The pretrial conference and trial are canceled.

SO ORDERED on August 30, 2016.

          s/Robert L. Hinkle
          United States District Judge